UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____ x

CONSTRUCTION LABORERS PENSION
TRUST OF GREATER ST. LOUIS,
Individually and on Behalf of All Others
Similarly Situated,

                             Plaintiff,

     vs.

AUTOLIV, INC., et al.,

                        Defendants.

_____ x

:   Civil Action No. 1:13-cv-02546-JPO
:
:   <u>CLASS ACTION</u>
:
:   MEMORANDUM OF LAW IN SUPPORT
:   OF THE MOTION OF ELECTRICAL
:   WORKERS PENSION FUND, LOCAL 103,
:   I.B.E.W., MONROE COUNTY
:   EMPLOYEES' RETIREMENT SYSTEM
:   AND CONSTRUCTION LABORERS
:   PENSION TRUST OF GREATER ST. LOUIS
:   FOR APPOINTMENT AS LEAD
:   PLAINTIFF AND APPROVAL OF
    SELECTION OF LEAD COUNSEL

## I.  PRELIMINARY STATEMENT

Presently pending before this Court is a securities class action lawsuit (the "Action"), brought on behalf of purchasers of Autoliv, Inc. ("Autoliv" or the "Company") common stock during the period between October 26, 2010 and August 1, 2011, inclusive (the "Class Period").  The Action alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §78u-4, *et seq*.) and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

Electrical Workers Pension Fund, Local 103, I.B.E.W. ("Local 103"), Monroe County Employees' Retirement System ("Monroe County") and Construction Laborers Pension Trust of Greater St. Louis ("St. Louis Laborers") hereby move this Court for an Order to: (i) appoint Local 103, Monroe County and St. Louis Laborers as Lead Plaintiff in the Action pursuant to 15 U.S.C. §78u-4(a)(3)(B); and (ii) approve Local 103, Monroe County and St. Louis Laborers' selection of the law firms of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") and Labaton Sucharow LLP ("Labaton Sucharow") to serve as Lead Counsel pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v).

This motion is made on the grounds that Local 103, Monroe County and St. Louis Laborers are the most adequate plaintiffs, as defined by the PSLRA.  Local 103, Monroe County and St. Louis Laborers are precisely the types of institutional investors that Congress sought to summon and empower when it enacted the PSLRA.  *See Ferrari v. Impath, Inc*., No. 03 Civ. 5667 (DAB), 2004 U.S. Dist. LEXIS 13898, at *10 (S.D.N.Y. July 20, 2004) (holding that the purpose behind the PSLRA is best achieved by encouraging institutional investors to serve as lead plaintiffs). Moreover, as institutional investors, Local 103, Monroe County and St. Louis Laborers are accustomed to acting as fiduciaries and their experience in legal and financial matters will substantially benefit the class.

During the Class Period, Local 103, Monroe County and St. Louis Laborers incurred a substantial $387,703.37 loss on their transactions in Autoliv common stock. *See* Rudman Decl., Ex. B.[1]   In addition, Local 103, Monroe County and St. Louis Laborers adequately satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure in that their claims are typical of the claims of the putative class and that they will fairly and adequately represent the interests of the class.

## II.    FACTUAL BACKGROUND

Autoliv develops, markets and manufactures automotive safety products, including airbags, seatbelts, safety electronics, steering wheels, anti-whiplash systems, seat components and integrated child seats as well as active safety systems such as night vision, vision and radar systems.

The complaint charges Autoliv and certain of its officers and directors with violations of the Exchange Act.  The complaint alleges that, prior to and during the Class Period, Autoliv engaged in wrongful anti-competitive business practices with other automotive industry suppliers despite its proclamation that "[c]orporate [s]ocial [r]esponsibility . . . comes naturally to Autoliv; it is what our business has always been about."  These practices were designed to control the market prices of the products sold by Autoliv and others.  As a result, Autoliv reported quarter after quarter of "record" gross margins and earnings during the Class Period, causing artificial inflation in its stock price and seemingly justifying the payment of millions of dollars worth of salary increases and non-equity incentive awards to the Company's executives.

The complaint further alleges that by February 2011, the United States Department of Justice ("DOJ") had begun investigating Autoliv's anti-competitive practices and potential antitrust

---

[1]    References to the "Rudman Decl., Ex. __" are to the exhibits attached to the accompanying Declaration of Samuel H. Rudman, dated June 17, 2013 and submitted herewith.

violations.   Between the 7th and 9th of June 2011, the antitrust authorities of the European Commission (the "EC") raided Autoliv's German subsidiary seeking evidence of Autoliv's anti-competitive misconduct.   As the market assimilated the news of the EC raid disclosed on July 8, 2011, followed closely by statements during the Company's July 25, 2011 second quarter earnings conference that the Company had already spent upwards of $4 million on legal fees and could no longer predict what impact the antitrust investigations would have on its previously reported and future gross margins and earnings, the price of Autoliv stock plummeted, closing below $62 per share on August 2, 2011.

On June 6, 2012, the DOJ announced that Autoliv had agreed to plead guilty to price fixing of automobile parts installed in U.S. cars and to pay a $14.5 million criminal fine.   In so doing, Autoliv admitted to its role in a conspiracy to fix prices of seatbelts, airbags and steering wheels installed in U.S. cars to one automobile manufacturer and a separate conspiracy to fix prices of seatbelts to another car manufacturer.

## III.   ARGUMENT

### A.   Local 103, Monroe County, and St. Louis Laborers Should Be Appointed Lead Plaintiff

#### 1.   The Procedure Required By the PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."   15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff.   *See* 15 U.S.C. §78u-4(a)(3)(A)(i).   Plaintiff caused notice regarding the pendency of the Action to be published on *Business Wire*, a national, business-oriented newswire service, on

April 17, 2013.  *See* Rudman Decl., Ex. A.  Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action.  *See* 15 U.S.C. §78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class who the Court determines to be most capable of adequately representing the interests of class members.  *See* 15 U.S.C. §78u-4(a)(3)(B).  In determining the "most adequate plaintiff," the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice. . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).  *See Foley v. Transocean*, 272 F.R.D. 126, 127 (S.D.N.Y. 2011).

### 2.    Local 103, Monroe County, and St. Louis Laborers Satisfy the "Lead Plaintiff" Requirements of the Exchange Act

#### a.    Local 103, Monroe County, and St. Louis Laborers Have Complied with the Exchange Act and Should Be Appointed Lead Plaintiff

The time period in which class members may move to be appointed lead plaintiff herein under 15 U.S.C. §78u-4(a)(3)(A) and (B) expires on June 17, 2013.  Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice on April 17, 2013, Local 103, Monroe County, and St. Louis Laborers timely move this Court to be appointed Lead Plaintiff on behalf of all members of the class.

Local 103, Monroe County, and St. Louis Laborers have duly signed and filed certifications stating that they are willing to serve as representative parties on behalf of the class. *See* Rudman Decl., Ex. C. In addition, Local 103, Monroe County, and St. Louis Laborers have selected and retained competent counsel to represent themselves and the class. *See* Rudman Decl., Exs. D-E. Accordingly, Local 103, Monroe County, and St. Louis Laborers have satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and are entitled to have their application for appointment as Lead Plaintiff and approval of selection of Lead Counsel, as set forth herein, considered and approved by the Court.

> **b.   Local 103, Monroe County, and St. Louis Laborers Are Precisely the Types of Lead Plaintiff Congress Envisioned When it Passed the PSLRA**

The Congressional objective in enacting the lead plaintiff provisions was to encourage large, organized institutional investors to play a more prominent role in securities class actions. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").

Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because institutional investors with a large financial stake are more apt to effectively manage complex securities litigation. Local 103, Monroe County, and St. Louis Laborers, as institutional investors, are precisely the types of Lead Plaintiff Congress envisioned when it passed the PSLRA. *See id.*

>        **c.      Local 103, Monroe County, and St. Louis Laborers
>                  Have the Requisite Financial Interest in the Relief
>                  Sought by the Class**

During the Class Period, as evidenced by, among other things, their signed certifications, Local 103, Monroe County, and St. Louis Laborers incurred a substantial $387,703.37 loss on their transactions in Autoliv common stock.  *See* Rudman Decl., Ex. B.  Local 103, Monroe County, and St. Louis Laborers thus have a significant financial interest in this case.  Therefore, Local 103, Monroe County, and St. Louis Laborers satisfy all of the PSLRA's prerequisites for appointment as Lead Plaintiff and should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

>   **3.      Local 103, Monroe County, and St. Louis Laborers Otherwise
>            Satisfy Rule 23**

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative.  Consequently, "[a]t the lead plaintiff stage of the litigation, in contrast to the class certification stage, 'a proposed lead plaintiff need only make a "preliminary showing" that it will satisfy the typicality and adequacy requirements of Rule 23.'"  *Sgalambo v. McKenzie*, 268 F.R.D. 170, 173 (S.D.N.Y. 2010) (citation omitted).  Local 103,

Monroe County, and St. Louis Laborers satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class.  Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members.  *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986).  Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical.  *See Sofran v. LaBranche & Co.*, 220 F.R.D. 398, 402 (S.D.N.Y. 2004) ("The possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact.").  The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical.  *See Ferrari*, 2004 U.S. Dist. LEXIS 13898, at *18.

Local 103, Monroe County, and St. Louis Laborers satisfy this requirement because, just like all other class members, they: (1) purchased Autoliv common stock during the Class Period; (2) were adversely affected by defendants' false and misleading statements; and (3) suffered damages as a result thereof.  Thus, Local 103, Monroe County, and St. Louis Laborers' claims are typical of those of other class members since their claims and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class."  The PSLRA directs this Court to limit its inquiry regarding the adequacy of Local 103, Monroe County, and St. Louis Laborers to represent the class to the existence of any

conflicts between the interests of Local 103, Monroe County, and St. Louis Laborers and the members of the class. The Court must evaluate adequacy of representation by considering: (i) whether the class representatives' claims conflict with those of the class; and (ii) whether class counsel is qualified, experienced, and generally able to conduct the litigation. *See In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 453 (S.D.N.Y. 2004).

Here, Local 103, Monroe County, and St. Louis Laborers are adequate representatives of the class. As evidenced by their injuries and those of the class, the interests of Local 103, Monroe County, and St. Louis Laborers are clearly aligned with the members of the class, and there is no evidence of any antagonism between Local 103, Monroe County, and St. Louis Laborers' interests and those of the other members of the class. Further, Local 103, Monroe County, and St. Louis Laborers have taken significant steps that demonstrate they will protect the interests of the class: they have retained competent and experienced counsel to prosecute these claims. In addition, as shown below, Local 103, Monroe County, and St. Louis Laborers' proposed Lead Counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Local 103, Monroe County, and St. Louis Laborers *prima facie* satisfy the typicality and adequacy requirements of Rule 23 for the purposes of this motion.

**B.     The Court Should Approve Local 103, Monroe County, and St. Louis Laborers' Choice of Counsel**

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent. In that regard, Local 103, Monroe County, and St. Louis Laborers have selected the law firms of Robbins Geller and Labaton Sucharow as Lead Counsel. Robbins Geller has substantial experience in the prosecution of shareholder and securities class actions, including serving as lead counsel in *In re Enron Corp. Securities Litigation*, No. H-01-3624 (S.D. Tex.), in which Robbins Geller achieved the largest

recovery ever obtained in a shareholder class action.  *See* Rudman Decl., Ex. D.  Specifically, the

court in *Enron* stated:

> The firm is comprised of probably the most prominent securities class action
> attorneys in the country.  It is not surprising that Defendants have not argued that
> counsel is not adequate.  Counsel's conduct in zealously and efficiently prosecuting
> this litigation with commitment of substantial resources to that goal evidences those
> qualities. . . throughout this suit.

*In re Enron Corp. Sec. Derivative & "ERISA" Litig.*, 529 F. Supp. 2d 644, 675 (S.D. Tex. 2006).

Moreover, Robbins Geller attorneys have served as lead counsel in hundreds of securities cases and

have recovered over $45 billion for defrauded shareholders.  These representations have resulted in:

(i) the largest stock option backdating recovery: *UnitedHealth*, $925 million; (ii) the largest opt-out

(non-class) securities litigation recovery: *WorldCom*, $651 million; and (iii) the largest merger and

acquisition class action recovery: *Kinder Morgan*, $200 million.

As detailed in its firm resume, Labaton Sucharow has excelled as lead counsel in numerous

landmark actions on behalf of defrauded investors.  Labaton Sucharow is lead counsel in *In re*

*American International Group, Inc. Securities Litigation*, No. 04-cv-8141 (S.D.N.Y.), in which it

recently achieved settlements totaling approximately $1 billion.  In November 2012, Labaton

Sucharow secured a $294.9 million settlement in *In re Bear Stearns Cos., Inc. Securities, Derivative,*

*& ERISA Litigation*, No. 08-md-1963 (S.D.N.Y.), in which the firm served as co-lead counsel.  In

addition, Labaton Sucharow was lead counsel in *In re Countrywide Financial Corp. Securities*

*Litigation*, No. 07-cv-5295 (C.D. Cal.), which resulted in a settlement of $624 million – one of the

largest securities fraud settlements arising from the financial crisis of 2007 to 2008.  In *In re*

*Schering-Plough Corp./ENHANCE Securities Litigation*, No. 08-cv-397 (D.N.J.), Labaton

Sucharow, as co-lead counsel, recently helped achieve a settlement (pending court approval) of $473

million for the class, one of the largest securities class action settlements against a pharmaceutical

company.  Labaton Sucharow also served as co-lead counsel in *In re HealthSouth Corp. Securities*

*Litigation*, No. 03-cv-1501 (N.D. Ala.), the largest securities fraud action arising out of the healthcare industry, which resulted in a total settlement amount of $804.5 million for the class. Labaton Sucharow is currently serving as lead or co-lead counsel in securities class actions cases against Federal National Mortgage Association (Fannie Mae), Goldman Sachs Group, Inc., MF Global Holdings Ltd., Facebook, Inc., and Netflix, Inc., among other significant investor class actions. *See* Rudman Decl., Ex. E.

Accordingly, the Court should approve Local 103, Monroe County, and St. Louis Laborers' selection of Lead Counsel.

## IV.   CONCLUSION

For all the foregoing reasons, Local 103, Monroe County, and St. Louis Laborers respectfully request that the Court: (i) appoint Local 103, Monroe County, and St. Louis Laborers as Lead Plaintiff in the Action; (ii) approve their selection of Lead Counsel as set forth herein; and (iii) grant such other relief as the Court may deem just and proper.

DATED:  June 17, 2013                 ROBBINS GELLER RUDMAN
                                        & DOWD LLP
                                      SAMUEL H. RUDMAN
                                      DAVID A. ROSENFELD
                                      MARIO ALBA JR.


                                           */s/ Samuel H. Rudman*
                                      SAMUEL H. RUDMAN

                                      58 South Service Road, Suite 200
                                      Melville, NY  11747
                                      Telephone:  631/367-7100
                                      631/367-1173 (fax)
                                      srudman@rgrdlaw.com
                                      drosenfeld@rgrdlaw.com
                                      malba@rgrdlaw.com

LABATON SUCHAROW LLP
CHRISTOPHER J. KELLER
MICHAEL W. STOCKER
RACHEL A. AVAN
140 Broadway, 34th Floor
New York, NY  10005
Telephone:  212/907-0700
212/818-0477 (fax)
ckeller@labaton.com
mstocker@labaton.com
ravan@labaton.com

*[Proposed] Lead Counsel for Plaintiff*

VANOVERBEKE MICHAUD & TIMMONY, P.C.
THOMAS C. MICHAUD
79 Alfred Street
Detroit, MI  48201
Telephone:  313/578-1200
313/578-1201 (fax)
tmichaud@vmtlaw.com

*Additional Counsel for Plaintiff*